CHARLES H. WARREN *et al. vs.* THE PROVIDENCE TOOL COMPANY *et al.*

In a creditor's bill to enforce the statutory liability of stockholders for an unsatisfied judgment against the corporation, certain of the respondents were representatives of estates of deceased stockholders who set up in their answers the statutes of limitation applicable to suits against executors; other respondents were trustees whose answers set up their trust relation to the stock held by them. To these answers the complainants excepted.

*Held,* that the allegations of the answers setting up the statutes of limitation were a good defence.

The case of *Stone* v. *Corcoran,* 17 R. I. 759, distinguished from the case at bar.

*Held,* that the trustees were not required in their answers to set forth in detail what their trusts were, or what estates they held under said trusts.

BILL IN EQUITY.   Heard on complainants' exceptions to respondents' answers.

This matter was previously before the court on demurrers ; see *ante,* p. 360.

*December* 12, 1896.   MATTESON, C. J.   This case is before us on the question of the sufficiency of the allegation in the answers of several of the respondents setting up the statutes of limitations applicable to suits against executors, of which the same benefit is claimed as though they had been made by way of plea.   The statutes relied on are Pub. Stat. R. I. cap. 189, § 8, and cap. 205, § 9.   These sections provide that no action, except in certain cases not material to the present inquiry, shall be brought against any executor or administrator within one year after the will shall be proved or administration granted, nor after three years from such proof or grant, provided notice of his appointment be given by publication in some public newspaper in this State nearest to the place in which the deceased person last dwelt, or in such other manner as the court of probate shall direct, the periods named to be reckoned from the time of notice.

We think the allegations of the answers setting up these statutes are a good defence to the suit.   *Sayles* v. *Bates,* 15 R. I. 342 ; *New England Commercial Bank* v. *The Stockholders of the Newport Steam Factory,* 6 R. I. 154 ; *Atwood* v. *Rhode Island Agricultural Bank,* 2 R. I. 191.

The complainants, however, contend that these statutes are not applicable to the present suit, which is a suit in equity, and rely on *Stone* v. *Corcoran,* 17 R. I. 759, in support of their contention.   In that case the only point decided by us was that the word "action," as used in the statutes, was not broad enough to include suits in equity.   It is familiar doctrine that suits in equity are not within the letter of the statutes of limitations but that these relate in terms

to legal remedies only, courts of equity, though regarding themselves as bound by the statutes, applying them rather by way of analogy, and with less strictness where equities are involved than do courts of law. *Hoveden* v. *Lord Annesley,* 2 Sch. & Lefr. 607 ; *Reynolds* v. *Hennessey,* 17 R. I. 169 (176). The only contention in *Stone* v. *Corcoran* was as to the scope of the word " action," the respondent executor conceding that the plea should be overruled unless the word " action " should be held to embrace suits in equity ; and the plea was accordingly overruled. Moreover, these statutes limiting the bringing of suits against executors and administrators have been construed to apply only to creditors' suits, to recover a debt against the estate ; and the suit of *Stone* v. *Corcoran* was not a creditor's suit, but one to recover the surplus proceeds of property held as security, and which were therefore in the possession of the executor not strictly as executor, but rather as a trustee for the complainant. *Randall* v. *Peckham,* 10 R. I. 545, 548, (549.)

The complainants except to the sufficiency of the answers of several of the respondents because they do not specifically set forth in detail under what trusts they hold, and have heretofore held, the shares of stock of the Providence Tool Co. set opposite their names in the fifth paragraph of the bill, and what property and estate they hold, and have heretofore held, under the same trusts. We see no reason for requiring from these respondent trustees the disclosures called for by the complainants. When their liability for the complainants' demands has been established it will be time enough to compel the discovery which the complainants ask.

Exceptions overruled.

*James Tillinghast, Theodore F. Tillinghast and William R. Tillinghast,* for complainants.

*Thomas C. Greene, Herbert Almy, Joseph C. Ely, James M. Gilrain, James M. Ripley, John Henshaw, John D. Thurston, Thomas P. Barnefield, Edward D. Bassett, Edward L. Mitchell, Augustus S. Miller, Cyrus M. Van Slyck, Charles C. Mumford, William W. Blodgett, Edward W. Blodgett, Stephen O. Edwards, Walter F. Angell,*